Robin F. Wynne, Justice, concurring in part and dissenting in part.
I agree with the majority that FOIA's open-meeting provisions apply to exchanges via e-mail. However, I believe that appellants engaged in a group discussion of public business over email that violated the open-meeting provisions. Accordingly, I respectfully concur in part and dissent in part.
The purpose of FOIA is to ensure that citizens of the State of Arkansas are aware of the activities of their public officials through the requirement that "public business be performed in an open and public manner." Ark. Code Ann. § 25-19-102 (Repl. 2014). To that end, all meetings, formal or informal, of certain public entities, including governing bodies of municipalities, are required to be public. Ark. Code Ann. § 25-19-106(a) (Repl. 2014). We have held that FOIA is to be liberally interpreted to accomplish the purpose of promoting free access to public information. Harris v. City of Fort Smith , 359 Ark. 355, 197 S.W.3d 461 (2004).
The majority relies on McCutchen v. City of Fort Smith , 2012 Ark. 452, 425 S.W.3d 671, in reversing the decision of the circuit court. In that case, the city administrator delivered an informational memorandum that expressed his opinion on a proposed ordinance to five of the seven board members prior to a study session at which the ordinance was to be discussed. The administrator also spoke individually with the members about the ordinance. We held that the activities of the city director did not violate the open-meeting provision of FOIA. However, the holding rested on the fact that there was no evidence that the issue was discussed or debated by the board members prior to the study session, nor was there any evidence that the board members exchanged correspondence about the memorandum.
Here, in contrast, Board members actively lobbied for specific action on business before the Board in emails that were sent to every Board member. The discussion by the Board members in a nonpublic forum makes this case clearly distinguishable from McCutchen . The fact that the responses by certain members were not solicited by the city administrator is immaterial. FOIA applies to the discussion of government business by a municipal governing body. See Mayor & City Council of El Dorado v. El Dorado Broad. Co. , 260 Ark. 821, 824, 544 S.W.2d 206, 207 (1976) ("We can think of no reason for [FOIA] specifying its applicability to informal meetings of governmental bodies unless it was intended to cover informal but unofficial group meetings for the discussion of governmental business as distinguished from those contacts by the individual members that occur in the daily lives of every public official."). Because the Board discussed public business in a nonpublic forum, the majority is mistaken in reversing the decision of the circuit court.
For these reasons, I concur in part and dissent in part.